IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **01-CV-00413-JLK**

**M.D. MARK, INC.,**

Plaintiffs,

v.

**KERR-McGEE CORPORATION and ORYX ENERGY COMPANY,**

Defendants.

---

### CORRECTED ORDER DENYING LEAVE TO PRESENT TESTIMONY

---

Kane, J.

This matter is before me on Plaintiff's Motion Pursuant to Fed. R. Civ. P. 43(e)

Seeking Leave of Court to Present Testimony at the July 27, 2006 Summary Judgment

Hearing (Doc. 191), filed June 8, 2006.  Having carefully considered the Motion and

applicable legal authorities, and being fully advised in the premises, I DENY the request

as unnecessary and unwarranted as a matter of law.

Rule 43(e) has no application under the circumstances presented, where the

pending Motions for Summary Judgment were set for oral argument, not "hearing."  *See*

Order for Oral Argument on Defendants' Motions for Partial Summary Judgment, dated

April 14, 2006.  The factual record does not appear to be incomplete and I directed no

new evidence to be submitted or heard.  Discovery is closed under the operative

Scheduling Order in this case.  If Plaintiff believed more discovery was necessary or

warranted, it could have moved to modify the Scheduling Order to reopen discovery.  It

did not do so.

My intent in setting the matter for argument was to notify the parties of my concerns regarding legal, not factual, insufficiencies in the parties' claims and defenses. My statement that an "explanation of the various categories of seismic data M.D. Mark claims have been misappropriated" would be "helpful" to me, perhaps in the form of an "accurate chronology of events," *see* Order at p. 5, was meant only to direct counsel's preparation for oral argument.  I was contemplating the submission – preferably in a stipulated form – of a demonstrative exhibit detailing the chronology of the events forming the basis of Plaintiff's claim that "thousands of miles" of seismic data were unlawfully "transferred" by virtue of the Oryx merger to Kerr-McGee.

Accordingly, I rule on Plaintiff's specific requests as follows:

1.    The request to present live or other testimony of John Moye or Marilyn Davies to provide or clarify the chronology of events relating to the Kerr-McGee/Oryx merger is DENIED.  Of course, previous deposition or affidavit testimony of Mr. Moye and Ms. Davies may be cited at oral argument and may be used by either side in the preparation of demonstrative exhibit(s) for my reference.

2.    Plaintiff's request to offer additional testimony of Plaintiff's expert, Robert Gray, to provide an adequate "foundation" for his testimony detailed in his affidavit and to clarify and/or explain his expert testimony regarding independent duties of care is also DENIED.  Counsel for Plaintiff is free to represent – in something akin to an "offer of proof" – what Dr. Gray's testimony along these lines might be at trial,

but should keep in mind that any such "offer" must take into account counsel's

obligations under Rule 26(b) and (e) to disclose and supplement a designated

expert's opinions and testimony.  "Offers" that run afoul of disclosure

requirements would not refer to "admissible" evidence and will not be considered

for summary judgment purposes under Rule 56(e).

Dated:  June 22, 2006.                          **s/John L. Kane**_____
                                                SENIOR U.S. DISTRICT JUDGE