IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-K-413**

**M.D. MARK, INC.**,

Plaintiff,

v.

**KERR-MCGEE CORPORATION and ORYX ENERGY COMPANY,**

Defendants.

---

**ORDER ON DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

---

KANE, J.

On September 14, 2006 and pursuant to my Order Setting Oral Argument (Doc. 190), the parties to this seismic data licensing business tort action came before me for argument on Defendants' Motions for Partial Summary Judgment (Docs. 106 and 156). Based on those proceedings and my various rulings incorporated herein, I find and conclude as follows:

1. Defendants' first Motion for Partial Summary Judgment (Doc. 106) – asserting Plaintiffs' should be collaterally estopped from relitigating issues brought by PGI licensees in Texas and rejected by the Texas courts and, alternatively, positing that the mergers between Kerr-McGee (KMG) and Oryx cannot constitute a "transfer" or "conveyance" of the seismic data or licenses at issue as a matter of law – is **DENIED**. I rejected Defendants' collateral estoppel argument at the conclusion of

oral argument and I incorporate that ruling here. I now rule that on the record before me, disputed questions regarding the nature and effect of the Sun-Oryx-KMG merger preclude entry of summary judgment in Defendants' favor on Plaintiff's claims that the merger breached PGI and M.D. Mark's licensing agreements and resulted in the misappropriation of 16,000 miles of PGI-licensed data to an extra-constituent entity or entities. With regard to the 3,191 miles of PGI-licensed "torch" data in the possession of KMG and for which KMG cannot produce valid licensing agreements, I also disagree with Defendants' "reverse spoliation" theory that says M.D. Mark's destruction of potentially corroborating PGI documents should operate to prevent M.D. Mark from using KMG's lack of any valid license for this data as evidence of misappropriation. With regard to the other "missing" data (M.D. Mark claims it is 3,743.67 miles, Defendants say it is more like 600 miles because most of the 3,743.67 is a subset of some combination of the 16,000 miles referred to as the "merger" data and the 3,191 miles of "torch" data) the record is in a bit of a disarray. Nevertheless, evidence that the data was inventoried in Defendants' possession and now is "missing" is sufficient to allow Plaintiff's misappropriation and breach of contract claims based on this data to proceed to trial as well. Plaintiff's argument that duties independent of those created by operation of the PGI/M.D. Mark licensing agreements may have arisen with respect to the 600-3700 miles of inventoried but now "missing" data is well taken, but I conclude these duties sound more in equity than in tort. As they will

arise only in the event M.D. Mark's claims at law fail, I leave this matter for post-trial wrangling at a later date. Suffice it to say that if Defendants are in possession of proprietary PGI/M.D. Mark data under circumstances where their retention of it would work an injustice on Plaintiff independent of any breach of contract or misappropriation, equitable principles may operate to compel Defendants to return that data.

2. Defendants' second Motion for Partial Summary Judgment (Doc. 156), seeking the entry of summary judgment on each of Plaintiff's claims other than breach of contract and tortious interference with contract, is **GRANTED** in part and **DENIED** in part. As I ruled at the conclusion of oral argument, Claims 6, 7 and 8 of the operative Third Amended Complaint are preempted by operation of Colorado's Uniform Trade Secrets Act. (UTSA), Colo. Rev. Stat. § 7-74-108(1). These same claims fail on the additional and alternative ground that they are an attempt to avoid contract-based limitations on remedies in contravention of the economic loss doctrine as applied in Colorado. The Motion is **DENIED** with respect to Plaintiff's Claims 1 - 4 for misappropriation (against Oryx and KMG, individually), breach of contract (against both Oryx and KMG) and tortious interference with contract (against KMG only). To the extent Plaintiff's Claim 5 for civil conspiracy is premised on allegations that Defendants agreed and acted in furtherance of an agreement to misappropriate PGI's seismic data and violate the

terms of their licensing agreements with PGI/M.D. Mark, I find scant evidence in the record to support such a claim but will allow it to proceed at least to a Rule 50(a) motion for judgment as a matter of law at the conclusion of Plaintiff's case. To the extent Plaintiff's Claim 5 for civil conspiracy is derivative of claims for which no remedy is available and already rejected, the Motion for Summary Judgment is **GRANTED.**

Based on the foregoing, Defendants' first Motion for Partial Summary Judgment (Doc 106) is **DENIED.** Defendants' second Motion for Partial Summary Judgment (Doc. 156) is **GRANTED** in part and **DENIED** in part as described above. M.D. Mark's Claims 1 - 5 will proceed to trial.

This case is now ready for a pretrial conference, which will be set by separate Minute Order.

Dated September 28, 2006.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE