IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **01-cv-00413-JLK**

**M.D. MARK, INC.,**

    Plaintiffs,

v.

**KERR-McGEE CORPORATION and ORYX ENERGY COMPANY,**

    Defendants.

## ORDER ON MOTIONS IN LIMINE

Judge John L. Kane **ORDERS**

The following motions are before me in anticipation of the ten-day trial to jury set to commence Monday, September 17, 2007: (1) Defendants' Motion to Exclude Legal Conclusions from the Testimony of Plaintiff M.D. Mark's Expert Witnesses (Doc. 206); (2) Defendants' Motion for Discovery Sanction of "Adverse Inference" Jury Instruction Against Plaintiff M.D. Mark (Doc. 207) (3) Plaintiff's First Motion in Limine (regarding Defendants collective use of term "Kerr-McGee") (Doc. 208); and (4) Plaintiff's Second Motion in Limine (seeking exclusion of Defendants' "reverse spoliation" theory) (Doc. 209). After carefully considering the Motions and the authority cited therein, I rule as follows:

1. **Defendants' Motion to Exclude Legal Conclusions from the Testimony of M.D. Mark's Expert Witnesses (Doc. 206)**.

Defendants challenge the admissibility under F.R.E. 702 of Plaintiff's expert John Moye in toto and a single opinion of Plaintiff's expert Robert Gray on grounds these opinions usurp the court's authority to define the applicable law and improperly address legal issues outside the factual questions the jury must decide. Defendants invoke the Tenth Circuit's decision in *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988), *cert. denied*, 488 U.S. 1008 (1989) in support of their position. I have reviewed the applicable evidentiary rules as well as various legal authorities interpreting them and, being fully advised, decline to rule definitively, in limine, on Defendants' Motion. While there is merit to Defendants' position regarding aspects of both experts' proposed testimony, specific rulings distinguishing the line between testimony that is admissible regarding the legal status of the parties and contracts at issue and testimony that inadmissibly tells the jury what law should apply to those parties and contracts, must await development at trial. Accordingly, both Mr. Moye and Mr. Gray will be permitted to testify, subject to specific and appropriate objections by Defendants' counsel and, if necessary, limiting instructions from the court.

2. **Defendants' Motion for Discovery Sanction in the form of an "adverse inference" jury instruction (Doc. 207) and Plaintiff's related Second Motion in Limine (Doc. 209).**

In these related Motions, Defendants request an "adverse inference" jury instruction against M.D. Mark as a sanction for the destruction, by former PGI employee Marilyn Davies in wake of PGI's bankruptcy and M.D. Mark's succession to its assets, of documents which Kerr-McGee characterizes as "PGI accounting data" and which Davies

and M.D. Mark maintain were wholly unrelated field records of former PGI subsidiary Seis Pro.  M.D. Mark seeks an order prohibiting Defendants from presenting their "reverse spoliation" theory and/or any testimony that Davies – and therefore M.D. Mark – is to blame for Defendants' inability to provide documentatary evidence to support the assertion that they came by the "torch" data lawfully.  I consider these Motions together as they raise related and competing arguments regarding the admissibility of evidence, presumptions and adverse inferences to be drawn from Davies' actions and the overall dearth of evidence on either side regarding M.D. Mark's "torch" data claims.   As part of my consideration, I have also reviewed Special Master Bjork's Orders dated June 15 and July 15, 2004, together with the summary judgment proceedings leading up to and including my Order of September 28, 2006 (Doc. 202).

     Defendants' Motion for an "adverse inference" jury instruction as a discovery sanction against M.D. Mark for the destruction of the Seis Pro/PGI documents rehashes arguments rejected both by the Special Master and this Court and is DENIED.  I rule that neither side is entitled to an instruction of law that an "adverse inference" inures in either direction on the question of the impact of the lack of documentary evidence supporting M.D. Mark's claims or Kerr-McGee's defenses related to the "torch" data.  Both sides' assertions – i.e. M.D. Mark's assertion that the lack of evidence supports an inference that Kerr-McGee's possession of "torch" data is the result of unlawful misappropriation and Kerr-McGee's assertion that Davies' destruction of PGI documents supports an inference that those documents contained favorable information – will stand or fall, on

their merits, based on the jury's assessment of their respective witnesses' credibility.

To the extent Plaintiff's related Second Motion in Limine (Doc 209) – which seeks an order precluding Defendants from arguing at trial that M.D. Mark, through Davies, has destroyed "PGI Accounting Records" that would support Kerr-McGee's defenses – survives my ruling denying Defendants' Motion for an "Adverse Inference" instruction above, the Motion is granted in part and denied in part.  It is GRANTED to the extent any characterization of the destroyed documents as "PGI accounting data" *relevant to ownership or entitlement to possess the "torch" data at issue* runs contrary to the rulings of the Special Master or the court.  It is DENIED to the extent M.D. Mark seeks to prevent Kerr-McGee from offering any testimony at all about Davies' actions or the fact that PGI documents were destroyed.  In my view, Kerr-McGee's insistence regarding averred relevancy of the destroyed documents is in the nature of flogging the dead horse, but if it wishes to press the implication, in the face of Davies' testimony and the dearth of any corroborating evidence, it may do so and M.D. Mark may refute it.

3.  **Plaintiff's First Motion in Limine re "Kerr-McGee" (Doc. 208).**

In this Motion, Plaintiff seeks an order prohibiting Defendant Kerr-McGee Corporation from referring to itself and its subsidiary, Kerr-McGee Oil & Gas, by the collective "Kerr-McGee."  In my view, Plaintiff's concerns are much ado about little because the collective reference, in my reading of the jury instructions and Pretrial Order, is to Oryx and Kerr-McGee Corporation as a single entity post merger and not with Kerr-McGee Corporation and Kerr-McGee Oil & Gas.  However, I have modified the parties'

proposed instructions to clarify that aspect of Plaintiff's misappropriation claim premised on allegations that Kerr-McGee came unlawfully to possess certain PGI Data through the transfer by Oryx, in 1985, of PGI Data to its subsidiary, Sun Exploration, that Oryx then caused to be "misappropriated" by its transfer, in 1999, of that Data to Kerr-McGee Oil & Gas.  M.D. Mark contends that transfer took place independently of the merger and independently of postmerger Kerr-McGee Corp.   To the extent a distinction between postmerger "Kerr-McGee" and Kerr-McGee Oil & Gas is necessary to the marshalling of evidence to support this theory of misappropriation, Kerr-McGee Corp. will need to agree to maintain that distinction and M.D. Mark's Motion is GRANTED.  In any other regard, it is DENIED.

Based on the foregoing,

(1) Defendants' Motion to Exclude Legal Conclusions from the Testimony of Plaintiff M.D. Mark's Expert Witnesses (Doc. 206) is DENIED without prejudice to Defendants' being able to reassert any appropriate objections premised on the argument raised during the course of those experts' testimony at trial;

(2) Defendants' Motion for Discovery Sanction of "Adverse Inference" Jury Instruction Against Plaintiff M.D. Mark (Doc. 207) is DENIED; and

(3) Plaintiff's First and Second Motions in Limine (Docs. 208, 209) are GRANTED in part and DENIED in part as set forth above.

Dated: August 29, 2007           **s/John L. Kane**
                                 SENIOR U.S. DISTRICT JUDGE