IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 01-cv-00413-JLK-BNB

M.D. MARK, INC.,

Plaintiff,

v.

KERR-McGEE CORPORATION, and
ORYX ENERGY COMPANY,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion to Review Taxation of Costs** [Doc. # 283, filed 10/23/2007](the "Motion to Review Costs"). I held a hearing on the motion on December 11, 2007, and took the matter under advisement. The Motion to Review Costs is GRANTED IN PART and DENIED IN PART. The plaintiff is awarded additional costs of $2,182.80.

I.

The case was tried to a jury beginning on September 17, 2007, and resulted in a verdict for the plaintiff in the amount of $25,266,381.00. Judgment entered for the plaintiff, and the plaintiff was awarded its costs by filing a bill of costs with the Clerk of the Court within ten days. Judgment [Doc. # 259, filed 9/28/2007] at p.5. The plaintiff submitted its Bill of Costs [Doc. # 270] on October 5, 2007. It sought costs in the amount of $91,906.31, composed of the following:

| | | |
|---|---|---|
| Statutory filing fee | $ | 191.00 |
| Deposition expenses (for 28 depositions) | | 38,788.44[1] |
| Printing fees | | 7,238.26 |
| Witness fees and expenses | | 9,147.95 |
| Fees for exemplification, copies of papers necessarily obtained for use in the case | | 23,367.57 |
| Costs incident to taking depositions | | 10,903.91 |
| Other costs: delivery and Federal Express | | 2,269.18 |

Defendant Kerr-McGee Corporation ("Kerr-McGee") objected to the bill of costs arguing that (1) the costs are not supported by receipts, invoices, or otherwise; (2) some of the depositions were not "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), because they were not used to support a summary judgment motion, were not read at trial, and the witnesses did not testify at trial; (3) some of the deposition expenses are for other than transcripts and are not recoverable; (4) the printing fees for trial exhibits are unreasonable; (5) travel and lodging expenses associated with having two of the plaintiff's officers attend trial are unreasonable; and (6) delivery costs are not recoverable.

The Clerk of the Court awarded costs of $10,530.62, including:

| | | |
|---|---|---|
| Statutory filing fee | $ | 191.00 |
| Deposition expenses | | 7,016.87 |
| Printing fees | | 1,247.75 |
| Witness fees and expenses | | 1,975.00 |
| Fees for exemplification, copies of papers necessarily obtained for use in the case | | -0- |
| Costs incident to taking depositions | | -0- |
| Other costs: delivery and Federal Express | | 100.00 |

---

[1] Included among the claimed deposition expenses were fees of $16,175.00 associated with the plaintiff's expert witness, John Moye; fees for the special master in the amount of $2,850.00; fees of $900.00 for "attendance at deposition" by Robert E. Lowe; costs of $29.50 for deposition exhibits for Carlos Salazar and Tom Schultz; and costs of $4,501.20 associated with the court reporter at trial.

The plaintiff argues in its Motion to Review Costs that the Clerk erred in the following respects:

First, in failing to award the deposition costs of John Moye ($328.80); Dan Hahn ($494.61); Patricia Cherne ($253.85); Darren Helm ($417.00); Marilyn Davies ($1,873.60); Carlos Salazar ($1,194.28); and Tom Schultz ($571.52), for a total of $4,879.54;

Second, in failing to award $4,045.26 in copying costs associated with the preparation of twelve exhibit books for use by the jurors; failing to award $398.82 in color copying costs associated with designations of deposition testimony to be read at trial; and failing to award $4,414.43 for "[c]osts associated with binders, index tabs, bates-labeling and other photocopying-related costs" incurred in copying, Bates labeling, and scanning "every document produced in this case," Motion to Review Costs at p.3; and

Third, in failing to award $10,989.97 for the costs incurred in preparing a demonstrative video exhibit used to explain to the jury the process of obtaining seismic data.

The plaintiff, in its Motion to Review Costs, sought an award of an additional $24,728.02 in costs. Id. at p. 4.

At the hearing on the Motion to Review Costs, the plaintiff changed course. It continued to seek the award of costs associated with depositions, but with respect to David Christian ($679.92); Brian Lindsey ($585.75); Dan Hahn($494.61); Jay Skinner ($298.23); and Darren Helm ($417.00), for a total of $2,475.51. The plaintiff also sought additional travel and subsistence fees associated with the attendance of Leon Hertzog and Marilyn Davies at trial, in the amount of approximately $1,995.00. The plaintiff continued at the hearing to press its request for expenses associated with copying, Bates labeling, and scanning the documents produced in the

3

case ($4,414.43), and the cost of the demonstrative video exhibit ($10,989.97). I assume that the plaintiff continues to claim the costs associated with the juror notebooks ($4,045.26) and the color copies of the deposition designations ($398.92).

II.

Rule 54(d)(1), Fed. R. Civ. P., directs that costs other than attorney fees should be allowed to the prevailing party unless a statute, rule, or court order provides otherwise. See Karsian v. Inter-Regional Financial Group, Inc., 13 F. Supp. 2d 1085, 1087 (D. Colo. 1998). There is a presumption in favor of awarding costs, and the final award of costs is in the discretion of the court. Id. The court's discretion in taxing costs is limited by 28 U.S.C. § 1920, however, Crawford Fitting Co. V. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), which specifies the following categories of costs that may be awarded:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Rule 54(d)(1) provides that the decision of the clerk as to the costs to be awarded may be reviewed by the court. "In conducting such a review, the court makes *de novo* determination in the exercise of its sound discretion." Green Const. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 674 (D. Kan. 1994). Costs may be awarded, in the discretion of the court, upon a finding that the expenses are allowable under the statute and are reasonable and necessary. Id. at 675. "[T]he burden is on the prevailing party to establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute." Id.

III.

A. Deposition Expenses

Section 1920(2), 28 U.S.C., allows a court to award as a cost the "[f]ees of the court reporter for all or any part of the stenographic transcript [of a deposition] necessarily obtained for use in the case." This portion of the statute has been interpreted to mean:

> The trial court has great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself. Whether or not such materials were necessarily obtained for use in the case is a factual determination based on the existing record or the record supplemented by additional proof. Use at trial by counsel or the trial court readily demonstrates necessity. However, if materials are reasonably necessary for use in the case even though not used at trial, the court may find necessity and allow the cost of such items. Even if the court determines that the materials were necessarily obtained for use at trial, the amount of the award requested must be reasonable.

Green Const. Co., 153 F.R.D. at 677 (internal quotations and citations omitted). Where a deposition is taken simply for discovery purposes, however, its cost is not recoverable. Karsian, 13 F. Supp. 2d at 1088. Similarly, deposition costs incurred primarily for the convenience of a

5

party are not "necessarily obtained for use in the case" and are not recoverable. Robertson v.
McCloskey, 121 F.R.D. 131, 133 (D.D.C. 1988).

The plaintiff seeks review, either in its Motion to Review Costs or by argument at the hearing, of the Clerk's decision denying the award of deposition costs for the following witnesses:

1. John Moye;
2. Dan Hahn;
3. Patricia Cherne;
4. Darren Helm;
5. Marilyn Davies;
6. Carlos Salazar;
7. Tom Schultz;
8. David Christian;
9. Brian Lindsey; and
10. Jay Skinner[2].

John Moye was deposed on January 30, 2003, and the deposition expenses sought are $328.80. Although Moye testified at the trial, he was an expert witness for the plaintiff. The plaintiff had ready access to Moye, could discuss the case with him at its convenience, and did not require a deposition to learn Moye's views. I find that the costs associated with Moye's deposition were incurred for the plaintiff's convenience and were not necessarily obtained for use in the case. I sustain the Clerk's decision denying these costs.

---

[2]The plaintiff initially argued in its Motion to Review Costs that the costs of Jay Skinner's deposition, in the amount of $298.23, had been awarded by the Clerk. Motion to Review Costs at p.2. That apparently is not the case. See Award of Costs [Doc. # 279] at p.5 of 22.

Dan Hahn was deposed on June 18, 2002, and the deposition expenses sought are $494.61. Hahn did not testify at the trial. The plaintiff argues that Hahn's deposition was necessary in the preparation of the case and led to certain pretrial stipulations. There is no evidence to support this argument. I find that the plaintiff has failed to establish that these costs were necessarily obtained for use in the case, and I sustain the Clerk's decision denying them.

Patricia Cherne was deposed on March 5, 2003, and the deposition expenses sought are $253.85. Cherne testified at the trial on behalf of the plaintiff. Cherne was a friendly witness, not associated with the defendants. The plaintiff had ready access to Cherne, could discuss the case with her at its convenience, and did not require a deposition to know the nature of Cherne's testimony. I find that Cherne's deposition was obtained for the plaintiff's convenience and was not necessarily obtained for use in the case. I sustain the Clerk's decision denying these costs.

Darren Helm was deposed on May 8, 2003, and the deposition expenses sought are $417.00. Helm testified at the trial. Helm works for a vendor that stores data for Kerr McGee, and it appears that the plaintiff was required to depose Helm in order to know what his testimony would be. I find that Helm's deposition was necessarily obtained for use in the case, and I will award the costs of that deposition.

Marilyn Davies apparently was deposed five times, on April 11, 2002; March 5, 2003; February 12, 2004; April 6, 2004; and April 23, 2004. The deposition expenses sought total $1,873.60. Davies testified at the trial, but her testimony, including direct and cross-examination, lasted only approximately 1 hour and 10 minutes. The plaintiff had ready access to Davies, could discuss the case with her at its convenience, and did not require a deposition to know what her testimony would be. In addition, I find that five depositions at the cost of $1,873.60 were not

7

necessary and are not reasonable in view of Davies' availability to the plaintiff and her relatively brief trial testimony. In addition, I sustain the Clerk's decision denying these costs.

Carlos Salazar was deposed twice, on May 29, 2002, and March 11, 2004. The deposition expenses sought are $1,194.28. Salazar is an employee of a Kerr McGee subsidiary and testified at the trial as a hostile witness. I find that Salazar's depositions were necessarily obtained for use in the case and the costs sought are reasonable, and I will award them.

Tom Schultz was deposed on March 11, 2004, and the deposition expenses sought are $571.52. Schultz testified at the trial as a witness for the defendants. I find Schultz' deposition was necessarily obtained for use in the case and the costs sought are reasonable, and I will award them.

David Christian was deposed on May 28, 2002, and the deposition expenses sought are $697.92. Christian did not testify at the trial. The plaintiff argues that Christian's deposition was necessary in the preparation of the case and led to certain pretrial stipulations. There is no evidence to support this argument. I find that the plaintiff has failed to establish that these costs were necessarily obtained for use in the case, and I sustain the Clerk's decision denying them.

Brian Lindsey was deposed twice, on May 30, 2002, and on January 17, 2003. The deposition expenses sought are $815.88. Lindsey did not testify at the trial. The plaintiff argues that Lindsey's depositions were necessary in the preparation of the case and led to certain pretrial stipulations. There is no evidence to support this argument. I find that the plaintiff has failed to establish that these costs were necessarily obtained for use in the case, and I sustain the Clerk's decision denying them.

Jay Skinner was deposed on January 16, 2003, and the deposition expenses sought are

$298.23. Skinner did not testify at the trial. The plaintiff argues that Skinner's deposition was necessary in the preparation of the case and led to certain pretrial stipulations. There is no evidence to support this argument. I find that the plaintiff has failed to establish that these costs were necessarily obtained for use in the case, and I sustain the Clerk's decision denying them.

In summary, I award to the plaintiff the following additional deposition costs as necessarily obtained for use in the case:

| | |
|---|---|
| Darren Helm | $ 417.00 |
| Carlos Salazar | 1,194.28 |
| Tom Schultz | 571.52 |
| TOTAL | $2,182.80 |

B.  Witness Fees and Airfare

The plaintiff sought an award of attendance fees, subsistence costs, and mileage fees for witnesses at trial in the amount of $9,147.95, but the Clerk awarded $1,975.00. At the hearing on the Motion to Review Costs, the plaintiff sought an additional award for witness fees and airfare associated with the attendance at trial of Leon Herzog and Marilyn Davies in the amount of approximately $1,995.00. In support of the request, the plaintiff directed me to Green Const. Co., 153 F.R.D. at 679, which states:

> While expenses of witnesses who are parties to the litigation normally are not taxable, the expenses of a director or officer of a corporate party who is not personally involved in the litigation may be taxable if he is testifying on behalf of the corporation he represents, and that corporation is a party to the suit.

This issue was not raised in the written motion, and was inadequately developed at the hearing, particularly with respect to the additional amounts claimed and the basis for the claim. I

find that the plaintiff has failed to establish a right to these costs, and I sustain the Clerk's action in this regard.

C. Copying Costs

Section 1920(4), 28 U.S.C., allows a court to award as costs the "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Courts faced with requests for costs under § 1920 (4) "have kept close to the 'necessarily obtained' language contained in the statute." Robertson, 121 F.R.D. at 133.

The Clerk awarded the plaintiff's costs incurred in preparing four exhibit notebooks based on the trial judge's requirement. Pretrial and Trial Procedures: Judge John L. Kane, part VI.2.d. The Clerk did not award the cost of preparing 12 additional exhibit books for use by the individual jurors. At trial the exhibits were shown to the witnesses and the jury by means of electronic courtroom technology. It was not necessary to publish the exhibits by hard copy. Although the pretrial and trial procedures of the trial judge state that "in many cases it is also helpful for counsel to provide each juror with a notebook containing copies of the parties' key exhibits," id. at part VI.2.e, juror notebooks are not mandated, and their usefulness is substantially diminished where the exhibits are presented electronically. I find that the additional 12 exhibit notebooks provided to the jurors were not necessarily obtained for use in the case,

were unnecessary in view of the use of electronic courtroom technology to publish the exhibits, and were properly excluded by the Clerk from the costs awarded.

Nor is the plaintiff entitled to the "[c]osts associated with binders, index tabs, bates-labeling and other photocopying related costs" incurred in copying "every document produced in

10

this case." Those copies and organizational materials probably made the handling of the discovery and exhibits more convenient for the plaintiff, but they were not "necessarily obtained for use in the case" within the contemplation of § 1920(4) and are not recoverable.

Similarly, the plaintiff's preparation of color coded copies of depositions to be read at trial may have been a convenience, but it was not necessary for the presentation of the case. The Clerk properly excluded these costs from the costs awarded.

Finally, the plaintiff seeks the cost of its demonstrative video in the amount of $10,989.97. "The reasonable cost of preparing maps, charts, graphs and kindred material is taxable, pursuant to 28 U.S.C. § 1920, when necessarily obtained for use in the case." Mikel v. Kerr, 499 F.2d 1178, 1182 (10th Cir. 1974). I am persuaded, however, by the reasoning of the court in Robertson v. McCloskey:

> [T]he court concludes that [the] trial graphics were not 'necessarily obtained' within the meaning of Section 1920(4). One precept that has guided courts making that determination is that costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence, or argumentative matter are not taxable. Taxing costs for the trial graphics that [a party] would have used at trial, however, would violate this fundamental rule. . . . All of these materials were simply supplementary to, and cumulative of, testimony that would have been offered at trial; they are, therefore, not *necessary* within the meaning of the statute.

121 F.R.D. at 133 (internal quotations and citations omitted; emphasis in original). The Clerk correctly excluded the costs of the demonstrative video, which was duplicative of expert testimony offered at the trial.

IV.

11

IT IS ORDERED that the Motion to Review Costs is GRANTED IN PART and DENIED IN PART, as follows:

GRANTED to award additional costs for depositions necessarily obtained for use in the case in the amount of $2,182.80; and

DENIED in all other respects.

IT IS FURTHER ORDERED that the Clerk of the Court shall tax costs in favor of the plaintiff and against the defendants in the total amount of $12,713.42, which shall be included in the judgment.

Dated January 15, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge