IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **01-cv-00413-JLK**

**M.D. MARK, INC.,**

    Plaintiff,
v.

**KERR-McGEE CORPORATION and
ORYX ENERGY COMPANY,**

    Defendants.

## ORDER ON POST-TRIAL MOTIONS

Kane, J.

    This seismic data licensing and misappropriation action was the subject of an eight-day jury trial commencing Monday, September 17, 2007. The case went to the jury on three of Plaintiff's claims against Defendant Kerr-McGee Corporation based on allegations that Kerr-McGee had come unlawfully to possess thousands of miles of Plaintiff's proprietary seismic data after its merger with Oryx in 1999. Two of those claims – that both Oryx and Kerr-McGee independently violated terms of various licensing agreements into which they had entered with Plaintiff or its predecessor, PGI – sounded in contract. The third claim – that the actions of both Oryx and Kerr-McGee constituted a misappropriation of Plaintiff's trade secrets – sounded in tort. Those claims are reflected in Sections A, B and C of the Verdict Form signed by the jury at the

conclusion of their deliberations. *See* Redacted Jury Form (Doc. 262)(redacted only as to individual jurors' signatures).

After deliberating part of the day on September 26, 2007 and all day the next, the jury reached verdicts on all three claims. In Section A of the Verdict Form, the jury found Oryx breached one or more of its licensing agreement(s) with M.D. Mark or PGI, and awarded M.D. Mark $15,745,000 to place it in the position it would have enjoyed but for Oryx's breach. In Section B, the jury found Kerr-McGee Corporation also breached one or more of its licensing agreements with M.D. Mark or PGI, and awarded M.D. Mark $968,750 to place it in the position it would have enjoyed but for Kerr-McGee's breach. In Section C, the jury found Kerr-McGee, both as a result of its own tortious actions and those of Oryx, liable for misappropriating the trade secret seismic data that was also the subject of the breach of contract claims and awarded M.D. Mark $25,266,381. Because M.D. Mark's claims sought to recover for the same or similar injuries under different theories of relief, I applied the rule prohibiting multiple recovery (*see* Instruction No. 3.8) and entered judgment in Plaintiff's favor on each of its three claims but awarded it only that amount of damages determined by the jury to constitute the entirety of M.D. Mark's losses on its tort claim.

Both sides cry foul. Plaintiff in its Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 267) urges me both to stack the awards and enter judgment in the combined amounts reflected on Questions A, B and C of the Verdict Form and to award it prejudgment interest on that amount. Defendant, in its filing entitled "Renewed Motion

for Judgment as a Matter of Law Pursuant to Rule 50(b) or Alternatively, Motion for New Trial, for Remittitur, and/or to Alter and Amend the Judgment Pursuant to Rule 59(e)" (Doc. 275), urges me on numerous grounds either to throw out the jury's verdict and enter judgment in its favor, to enter judgment for a greatly reduced amount, or to order a new trial. Defendant also moves for oral argument on their Motion (Doc. 301).

The length and tenor of the parties' filings notwithstanding, I reaffirm the entry of Judgment on the amount awarded by the jury on the misappropriation claim only and reject Defendant's various attacks on the validity of the jury's verdict. While it is true the jury's findings in Section A characterizing Oryx's breach as its actions in "transfer[ring] the license agreement to Kerr-McGee Corp. without prior approval" would run afoul of Instruction 3.2.3 unless the jury also found the applicable licensing agreement(s) specifically prohibited such transfers,[1] I need not reach that issue because it is clear from the jury's verdict that Kerr-McGee's liability for misappropriating M.D. Mark's trade secrets was premised on breaches of duty independent of the mere act of merging with Oryx. *See* Instruction Nos. 3.3 (Nature of the Claim), 3.3.2 (Defining "Misappropriation" to include the unauthorized disclosure of a trade secret, the acquisition or possession of a trade secret acquired by "improper means," or the use of a trade secret so acquired without express or implied consent and defining "improper means" to include "theft,

---

[1] Which it is entirely possible the jury did as there was evidence in the record to support it. The Verdict Form, unfortunately, did not include a special interrogatory on that fact. I note that while I endeavored at the end of trial to improve upon the stipulated general form of verdict submitted by the parties, the press of time and my wish to keep the jury from waiting ultimately resulted in a Verdict Form less detailed than those generally approved for sitting juries in my cases.

3

bribery, misrepresentation, or breach" of a duty to "maintain secrecy or not to disclose a trade secret."). As part of its Verdict, the jury specifically found Kerr-McGee gained access to M.D. Mark's data through improper means by possessing it in 1996 (before the merger) and "ship[ping] [it] to Midcondata from Kerr-McGee offices in Houston" and by wrongfully transferring control of data previously held by Oryx to a Kerr-McGee subsidiary. *See* Verdict Form at p. 5 (Doc. 262)(redacted in the record only to remove jurors' signatures). In addition, as part of its answers to questions regarding Kerr-McGee's conduct in breaching applicable licensing agreements, the jury not only determined Kerr-McGee's conduct in transferring M.D. Mark's data to a subsidiary without consent constituted a breach of the agreement(s), but also specifically determined that Kerr McGee failed to return "all data" and that "trade secrets were not safe-guarded." *Id.* at p. 4. These findings, which I cannot conclude were unsupported by any evidence in the record, support a verdict in favor of M.D. Mark and against Kerr-McGee Corp. on M.D. Mark's misappropriation of trade secrets claim independently of any breach based "solely" on an otherwise not-prohibited act of merging with Oryx.

As to Defendants' assertion that the amount the jury awarded to compensate M.D. Mark for any such misappropriation was the result of "passion or prejudice" or "shocked" the judicial conscience, I cannot agree that the record compels such a conclusion. Even if, as Defendants argue, the jury's findings were limited to the 3100 miles of "bootleg" data and the 16,000 miles of Oryx data, a $1,322.85 per-mile license fee figure is not without evidentiary basis in the record and is not otherwise "shockingly excessive."

4

Moreover, it is important to note that the jury's instructions regarding a determination of an appropriate amount of damages for misappropriation it found did not limit M.D. Mark to that amount of its provable lost license fees. Rather, the jury was charged with determining an amount of damages necessary to make Plaintiff *whole*, and was specifically instructed that this might include consideration of "the dollar amount of lost license fees" M.D. Mark could establish to a "reasonable degree of certainty," *as well as* consideration of "evidence regarding the actual value, if any, of the seismic data . . . to the extent that value reflects something other than or different from lost license fees." *See* Instruction No. 3.6. Because there was evidence presented at trial that the misappropriated data had a research and development/actual asset value in addition to a value measured in terms of lost licensing fees, the jury's $25,266,381 damage award is not unsupportable on the record before it.

Based on the foregoing, Defendants' Renewed Motion for Judgment as a Matter of Law Pursuant to 59(b) or in the Alternative for New Trial and/or to Alter and Amend Judgment Pursuant to Rule 59(e) (Doc. 275) is DENIED, and because I find argument on the Motion unnecessary, Defendants' request for oral argument (Doc. 301) is also DENIED. Plaintiff's "Motion to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e)" (Doc. 267) is DENIED with regard to the request for the stacking of the breach of contract and tort damages awards, but GRANTED as to the request for prejudgment interest. Based on the jury's findings and the evidence in the record, I award M.D. Mark prejudgment interest on the full amount of compensatory damages awarded, but only

5

from February 1999 forward.

Dated: January 18, 2008                    **s/John L. Kane**
                                           SENIOR U.S. DISTRICT JUDGE